Per Curiam.

The landlord brought this proceeding to evict the tenants on the ground that the demised premises were being illegally used for single-room occupancy. It has been repeatedly held that in such a proceeding a case is not made out by merely showing the number of occupants in an apartment and the disposition of their sleeping quarters. There must be, in addition, proof that the physical layout of the apartment, particularly the means of egress, makes such occupancy illegal by virtue of section 248 of the Multiple Dwelling Law and section D26-3.7 of the Administrative Code (Shapiro v. Collins, 6 A D 2d 1038). Here it is true that this proof was not supplied directly. However, there was proof of a violation filed against the building because of the multiple occupancy of this apartment. Such departmental action is presumptive evidence that the physical conditions of the apartment did not permit of legal occupancy by the number of people living there. The tenant did not contest this fact and introduced proof to rebut the contentions of the landlord as to the number of occupants. This proof was so weak and equivocal that it can be rightly said that it did not even raise an issue.
Accordingly, the final order in favor of the tenant dismissing landlord’s petition should be reversed, with $30 costs, and final order directed in favor of the landlord as prayed for in the petition, with costs.
Steuer and Aurelio, JJ., concur; Hofstadter, J., dissents on authority of Shapiro v. Collins (6 A D 2d 1038) and Realty Associates v. Bausch (17 Misc 2d 874 [App. Term, 61 M. C. Feb., 1959]).